BRIAN L. BUDSBERG, WSBA#11225
Brian L. Budsberg, P.L.L.C.
P.O. Box 1489
Olympia, WA 98507-1489
Telephone: (360) 584-9093
Facsimile: (360) 252-8333
Attorney for Debtor

HONORABLE PHILIP H. BRANDT
Location Tacoma
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

LAKEWOOD CENTER BUILDING, L.L.C.

Debtor.

No. 09-47058-PHB

ORDER APPROVING DEBTOR IN POSSESSION FINANCING PURSUANT TO *11 U.S.C. § 364* AND AWARDING SUPER PRIORITY LIEN POSITION

THIS MATTER before the Court upon the agreement and direction of the Court, Lakewood Center Building, L.L.C., debtor-in-possession herein ("Debtor"), the attorneys for the Debtor, Brian L. Budsberg, PLLC and Benjamin J. Riley, Union Street Holdings LLC ("Union Street"), and its attorneys, Hillis Clark Martin & Peterson, P.S., for an Order Approving Debtor in Possession Financing Pursuant to 11 U.S.C. §364. Based on the representations of the Debtor, the Court hereby FINDS as follows:

1. The Debtor has complied with the Court's Order, dated January 13, 2010, to provide notice to Pierce County regarding the Debtor's proposed financing;

2. The Debtor has obtained financing from the Byron & Alice Lockwood Foundation (the "Foundation") in the maximum amount of $700,000 or 20 percent loan-to-value, whichever is lower (the "Financing");

3. On February 4, 2010, Union Street filed a proof of claim that detailed a secured claim in the principal amount of $2,924,305.85 and pre-petition arrearages of $278,561.75, plus attorneys' fees, costs, and expenses incurred in this bankruptcy proceeding. Debtor does not

ORDER APPROVING DEBTOR IN POSSESSION OF
FINANCING PURSUANT TO *11 U.S.C. § 364* AND
AWARDING SUPER PRIORITY LIEN POSITION

1

BRIAN L. BUDSBERG, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Case 09-47058-PHB    Doc 47    Filed 02/18/10    Entered 02/18/10 14:32:38    Page 1 of 10

consent to these numbers and reserves the right to dispute the amount of Union Street's claim at a later hearing;

4. As a condition of the Financing, the Debtor will grant a deed of trust (the "Deed of Trust") to the Foundation on certain real property located at 6010 Main Street, Lakewood, Washington, and further described as follows:

> Parcel 9-C of Amended Binding Site Plan of Villa Plaza Binding Site Plan, as per plat recorded August 21, 2000 under Recording No. 200008215002, records of Pierce County, Washington. Situate in the City of Lakewood, County of Pierce, State of Washington. (the "Real Property");

5. The Debtor represented that, at the time of the filing of the bankruptcy, the Real Property had a value of $4,200,000.00; and

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER APPROVING DEBTOR IN POSSESSION OF
FINANCING PURSUANT TO *11 U.S.C. § 364* AND
AWARDING SUPER PRIORITY LIEN POSITION

2

BRIAN L. BUDSBERG, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Case 09-47058-PHB    Doc 47    Filed 02/18/10    Entered 02/18/10 14:32:38    Page 2 of 10

6. Based on the Debtor's representations, and pursuant to 11 U.S.C. §§ 361 and 364(d)(1)(B), both the Foundation and Union Street are adequately protected by the value of the Real Property.

Having found the foregoing, the Court hereby ORDERS as follows:

1. Debtor is authorized to enter into the Financing pursuant to the terms and conditions as attached hereto as **Exhibit A**;

2. Pursuant to 11 U.S.C. §364(d), the Foundation will receive a First Position Deed of Trust on the Real Property;

3. Union Street's interest in the Real Property is adequately protected by the value of the Real Property;

4. With the sole exception of the Foundation's new lien (i.e., First Position Deed of Trust) on the Real Property, Union Street's security interests shall remain valid and senior to all other encumbrances on the Real Property; and

5. This Order is without prejudice to any of the parties' rights with respect to the Debtor's Disclosure Statement or proposed Plan of Reorganization.

DATED this ____ day of February 2010.

_____
HONORABLE PHILIP H. BRANDT
United States Bankruptcy Judge

Presented by:

BRIAN L. BUDSBERG, P.L.L.C.


/s/ Benjamin J. Riley
Benjamin J. Riley, WSBA #34949
Attorneys for Lakewood Center Building, L.L.C.


Approved as to form by:
UNION STREET HOLDINGS LLC


/s/ Joseph A.G. Sakay
Joseph A.G. Sakay, WSBA #24667

ORDER APPROVING DEBTOR IN POSSESSION OF
FINANCING PURSUANT TO *11 U.S.C. § 364* AND
AWARDING SUPER PRIORITY LIEN POSITION

3

BRIAN L. BUDSBERG, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Case 09-47058-PHB    Doc 47    Filed 02/18/10    Entered 02/18/10 14:32:38    Page 3 of 10

Exhibit A

# BYRON & ALICE LOCKWOOD FOUNDATION
# LOAN COMMITTMENT

Dear Borrower(s):

Pursuant to your request and subject to the terms and conditions set forth in this commitment, the Byron & Alice Lockwood Foundation (Lockwood/Lender), is pleased to offer, and will reserve from its assets a loan for you, subject to the following terms and conditions:

| | | |
|---|---|---|
| A. | BORROWER(S): | Lakewood Center Building, LLC |
| B. | GUARANTOR(S): | Claude A. Remy & Claire Spain-Remy<br>Charles S. Price |
| C. | PRINCIPAL AMOUNT: | The maximum amount to be advanced shall be $700,000 not to exceed a 20.00% loan-to-value. |
| D. | RATE OF INTEREST: | The rate of interest shall be 10.00% for Two (2) years from the date of funding. |
| E. | DEFAULT INTEREST RATE: | 15.00% compounded monthly from the date of default. |
| F. | LATE CHARGES: | 5.00% of every payment due per the terms of the Promissory Note not paid within 10 days of the due date, including the loan payoff at the termination of the 24 month loan term. |
| G. | LOAN FEES: | At the time of funding, you will pay a 3.00% loan fee to Reston Companies as Lockwood's Servicing Agent. In addition to the loan fee, you will pay a Broker Fee of 1.000% to Amigos Financial, LLC. |
| H. | LOAN TERM: | 24 months |
| I. | AMORTIZATION: | Monthly interest only payments for 24 months. |
| J. | ASSUMABILITY: | NONE |
| K. | SECURITY: | The promissory note shall be secured by a first priority lien, created by a deed of trust, on certain real property described as follows: |

**Lakewood Center Building, 6010 Main St. S.W., Lakewood, WA 98499**

| | | |
|---|---|---|
| L. | PREPAYMENT PREMIUM: | NONE. |
| M. | ADDITIONAL CONDITIONS: | 1. Real Estate taxes and property insurance premiums to be impounded.<br><br>2. Lockwood receipt and acceptance of all of Lender requested underwriting documentation and the named Guarantor(s).<br><br>3. Lockwood receipt and approval of verification of liquidity in an amount to ensure that the borrowers will have a minimum of $132,000. of cash reserves after the close of escrow. Borrowers are to provide current bank statements.<br><br>4. This Loan Commitment is subject to an entered Order from the United States Bankruptcy Court Western District of Washington that provides for Lockwood to obtain first position Security Interest on Borrower's real estate asset and approves the Use of Funds as set forth on attached Exhibit A or a similar schedule approved by the Court, the Borrower and Lockwood.. |

Page 1 of 5

# BYRON & ALICE LOCKWOOD FOUNDATION
# LOAN COMMITTMENT

N. **REPAYMENT:** The promissory note shall be payable in equal monthly installments of interest for the loan term, as described on Page 1, when the remaining unpaid principal balance, any outstanding charges and any accrued interest shall be due and payable.

Interest shall be accrued from the Commencement Date based on a three hundred sixty-five (365) day year. When calculated for any partial month, interest shall be charged to the actual number of days elapsed over a three hundred sixty-five (365) day year.

O. **PREPAYMENT PENALTY:** The indebtedness may be prepaid in accordance with the terms and conditions contained in the executed promissory note, which shall not include a prepayment penalty as described on Page 1.

P. **TITLE INSURANCE:** Lockwood shall be insured as the holder of the First Deed of Trust upon the property under ALTA Lender's Policy of Title Insurance, issued by a title insurance company of Lockwood's choosing with such endorsements as Lockwood may require, with liability of not less than the principal loan amount.

Q. **LOAN COSTS:** Except to the extent prohibited by applicable law, all costs and expenses incurred by Lockwood in connection with this commitment, the loan described herein or any loan proposed or considered in connection herewith, and all fees of Lockwood related thereto, including, by not limited to, loan fees, lender's legal fees, document fees, escrow fees, notary fees, recording fees, title insurance premiums, brokerage commissions, and documentary and stamp taxes, shall be due and payable by borrower upon the earlier of loan funding or termination of this commitment for any reason.

R. **ATTORNEYS' FEES:** In the event of any litigation involving the parties to this Agreement to enforce any provisions of this Agreement the prevailing party shall be entitled to recover from the other such attorneys' fees and costs as may be reasonably incurred, including the costs of reasonable investigation, preparation and professional or expert consultation incurred by reason of such litigation. All other attorneys' fees and costs relating to this Agreement and the transactions contemplated hereby shall be borne by the party incurring the same.

S. **DISBURSEMENT PROCEDURES:** The net loan proceeds, after disbursement of funds required for payment to third parties shall be disbursed in accordance with the lender's instructions.

### Section I. Commitment Fee

Commitment Fee: The total fee to Lockwood for the issuance of the commitment, as described on Page 2, is non-refundable and shall be retained by Lockwood in its entirety as consideration and payment for having issued this commitment with expediency and knowledge that it shall be relied upon by the borrower. This fee shall be deemed earned in full whether or not Lockwood is ever required to fund the loan describe herein. If the loan funds, the commitment fee will be applied to the loan fee assessed. If the loan documentation, including the property appraisal are not satisfactory to Lockwood, the commitment fee, less out of pocket costs, will be refunded.

### Section II. Standard Conditions precedent to Lockwood's Obligation Hereunder:

Lockwood's obligation to make a loan under this commitment shall include but not limited to Lockwood's receipt, review and approval of each and every one of the following:

A. Satisfactory appraisal of applicable property and subsequent review of appraisal by Lockwood, with a maximum loan to value as described on Page 1.

B. Preliminary title report for any applicable property.

C. Delivery of all applicable insurance policies, including but not limited to fire, hazard and, where applicable, flood coverage, with all inclusive risk with extended naming Lockwood as loss payee. Such policies shall be in a form and content acceptable to Lockwood and shall be issued by an insurer approved by Lockwood. Policy coverage shall be in an amount not less than the value of all insurable improvements.

Page 3 of 5

# BYRON & ALICE LOCKWOOD FOUNDATION
# LOAN COMMITTMENT

D. A survey, if required, of the property prepared by a licensed land surveyor or civil engineer.

E. Delivery of a beneficiary's demand from each and every holder of a lien or encumbrance of record which is to be discharged with proceeds from the loan.

F. Delivery of an attorney's opinion letter, as required, by borrower's attorney, verifying: (1) validity and legal existence of borrower, and (2) validity and legal enforceability of borrower's obligations under the loan documents.

G. A Phase 1, a certified soils test and/or geologic report, as required, for any applicable property. This would include, but not limited to, level of toxicity, soil compaction and probability of earthquake damage.

H. Copies of borrower's articles of incorporation and by-laws, if applicable or if borrower is a partnership, copies of the partnership agreement and amendments, if applicable.

I. Financial statements, including cash investment of borrower and any guarantor, as of the most recent quarter end.

J. Borrower(s) and Guarantor(s) Lockwood's requirements and related statutes.

### Section III. Funding Conditions

A. Execution (including acknowledgment and notarization) of all legal documents. This includes but is not limited to, promissory note, deed of trust, assignment of rents, estoppel agreement, security agreement, financing statements(s), indemnity agreement, guarantee of borrower, corporate resolutions, etc.

B. Recordation of the deed of trust, assignment of rents, and any other document necessary to perfect Lockwood's security interest(s) in the property of any collateral security.

C. Proof that all general and/or specific property taxes and assessments have been paid in full or will be discharged through the loan proceeds.

D. Borrower's cooperation to resolve any documentation error(s).

E. Any other documentation deemed necessary by Lockwood or its counsel. All documents necessary to create and perfect Lockwood's collateral security interest shall be in a form and content which is satisfactory to Lockwood.

### Section IV. Termination of Commitment

A. Expiration as identified on Page 2.

B. Failure of the borrower to comply with any provision of this commitment.

C. Insufficiency of title to the property.

D. Damage to the property that will not or cannot be restored to the satisfaction of Lockwood.

E. Condemnation or any other act of a governmental body which prohibits or limits the use of the property.

F. Borrowers failure to pay debts as they become due, or any act by borrower which seeks reorganization bankruptcy, or insolvency relief of debts.

G. Any adverse change subsequent to making this commitment, determined by Lockwood to be material or substantial, in the assets, net work, or credit of any person who shall become obligated to Lockwood.

Page 4 of 5

# BYRON & ALICE LOCKWOOD FOUNDATION
## LOAN COMMITTMENT

### Section V. General Terms and Conditions

A. Upon termination of this commitment under Section IV, Lockwood shall have no further obligation or liability to the borrower.

B. Time is of the essence of this commitment. No waiver of terms, conditions default, or failure of compliance, shall be effective unless it is in writing. No waiver furnished in writing shall be deemed a waiver of future conditions.

C. This commitment is made in favor of only the person(s) to whom this letter is addressed. It is not assignable or transferable by operation of law or otherwise.

D. Borrower's signature on any instrument(s) or instructions shall indicate unconditional approval of same.

**BORROWER(S):**　　　　　　　　　　　　　　　Commitment Acceptance Date 2/11/10

**LAKEWOOD CENTER BUILDING, LLC**

BY: _____
Claude A. Remy, Managing Member

**GUARANTOR(S):**

By: _____　　　　　By: _____
Claude A. Remy　　　　　　　　　　　　　　　　Claire Spain-Remy

By: _____
Charles S. Price

# BYRON & ALICE LOCKWOOD FOUNDATION
# LOAN COMMITTMENT

The undersigned borrower(s) / guarantor(s) hereby acknowledge, by the signing of this document, that they have read and have understood Pages 1 through 5 of the Loan Commitment, and unconditionally accept and approve all items contained herein. Additionally, the borrower(s) / guarantor(s) hereby covenant and agree to provide Lockwood, at borrower(s) / guarantor(s)' sole expense, all required items, and to cooperate fully to close the loan promptly. The borrower(s) / guarantor(s) are to execute the Loan Commitment and tender, as a non-refundable commitment fee, the sum of $3,500. These funds will be applied to the cost of the loan. The commitment shall expire February 11, 2010 at 5:00 P.M.

**SIGNATURE**

**BYRON & ALICE LOCKWOOD FOUNDATION**

_____   Date 1/30/10
Paul R. Cressman, President

**BORROWER(S):**                      Commitment Acceptance Date 2/11/10

**LAKEWOOD CENTER BUILDING, LLC**

BY: _____
Claude A. Remy, Managing Member

**GUARANTOR(S):**

By: _____   By: _____
Claude A. Remy                        Claire Spain-Remy

By: _____
Charles S. Price

**Please see subsequent pages 3, 4 & 5 and Exhibit A for additional terms and conditions.**

LAKEWOOD CENTER BUILDING
TWOYEAR CASH FLOW PROJECTION

PROJECTED PRIME INTEREST RATE

| | MONTH 1 Feb-10 | MONTH 2 Mar-10 | MONTH 3 Apr-10 | MONTH 4 May-10 | MONTH 5 Jun-10 | MONTH 6 Jul-10 | MONTH 7 Aug-10 | MONTH 8 Sep-10 | MONTH 9 Oct-10 | MONTH 10 Nov-10 | MONTH 11 Dec-10 | MONTH 12 Jan-11 | MONTH 13 Feb-11 | MONTH 14 Mar-11 | MONTH 15 Apr-11 | MONTH 16 May-11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BEGINNING CASH** | 1,022 | 226,026 | 201,180 | 169,833 | 145,287 | 120,391 | 95,845 | 71,298 | 46,752 | 12,711 | (21,330) | (55,371) | (55,371) | (55,371) | (55,371) | (55,372) |
| **INCOME** | | | | | | | | | | | | | | | | |
| BASE RENT | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | - | - | - | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 |
| PREPAID RENT | 132,061 | | | | | | | | | | | | | | | |
| CAPITAL CONTRIBUTION | 47,000 | | | | | | | | | | | | | | | |
| POTENTIAL THIRD PARTY LENDER | 700,000 | | | | | | | | | | | | | | | |
| TOTAL INCOME | 888,556 | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | 9,495 | - | - | - | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 |
| TOTAL CASH | 889,578 | 235,521 | 210,674 | 179,328 | 154,782 | 129,885 | 105,339 | 80,793 | 46,752 | 12,711 | (21,330) | (11,351) | (11,350) | (11,351) | (11,351) | (11,351) |
| **OPERATING EXPENSES** | | | | | | | | | | | | | | | | |
| ACCOUNTING | 150 | 150 | 150 | 150 | 500 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 155 | 155 | 155 | 155 |
| CURRENT TAXES DUE | 163,633 | | | | | | | | | | | | | | | |
| CURRENT INSURANCE DUE | | | | | | | | | | | | | | | | |
| TAX IMPOUNDS | | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 5,917 | 6,095 | 6,095 | 6,095 | 6,095 |
| MAINTENANCE | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,310 | 2,379 | 2,379 | 2,379 | 2,379 |
| INSURANCE | | | 6,800 | | | | | | | | | | | | 7,004 | |
| SUPPLIES | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 155 | 155 | 155 | 155 |
| UTILITIES | 990 | 990 | | | | | | | | | | | | | | |
| MANAGEMENT 3% of gross rent | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 |
| VEHICLE EXPENSE | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 |
| SINKING FUND FOR ROOF & CAPITAL IMPROVMENTS | | | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 |
| TOTALOPERATING EXPENSES | 168,629 | 10,913 | 17,413 | 10,613 | 10,963 | 10,613 | 10,613 | 10,613 | 10,613 | 10,613 | 10,613 | 10,613 | 10,869 | 10,869 | 17,873 | 10,869 |
| **OWNERSHIP EXPENSES** | | | | | | | | | | | | | | | | |
| LEGAL RETAINER | 9,500 | | | | | | | | | | | 1,000 | | | | |
| LEASING COMMISSION | 256,289 | | | | | | | | | | | | | | | |
| TENANT IMPROVEMENT | 170,000 | | | | | | | | | | | | | | | |
| FILING FEES | 1,039 | | | | | | | | | | | | | | | |
| TRUSTEE FEES | 3,500 | | | | | | | | | | | | | | | |
| TOTAL OWNERSHIP EXPENSES | 440,328 | - | - | - | - | - | - | - | - | - | - | 1,000 | - | - | - | - |
| **DEBT SERVICE** | | | | | | | | | | | | | | | | |
| UNION STREET NOTE PAYABLE | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 |
| UNION STREET ARREARAGE PAYMENT | | | | | | | | | | | | 8,979 | 9,724 | 9,724 | 2,720 | 9,724 |
| POTENTIAL THIRD PARTY LENDER | 37,000 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 |
| **TOTAL DEBT SERVICE** | 54,595 | 23,428 | 23,428 | 23,428 | 23,428 | 23,428 | 23,428 | 23,428 | 23,428 | 23,428 | 23,428 | 32,407 | 33,152 | 33,152 | 26,148 | 33,152 |
| **NET CASH FLOW** | 225,004 | (24,846) | (31,346) | (24,546) | (24,896) | (24,546) | (24,546) | (24,546) | (34,041) | (34,041) | (34,041) | 0 | (0) | (0) | (0) | (0) |
| **ENDING CASH** | 226,026 | 201,180 | 169,833 | 145,287 | 120,391 | 95,845 | 71,298 | 46,752 | 12,711 | (21,330) | (55,371) | (55,371) | (55,371) | (55,371) | (55,372) | (55,372) |

| | |
|---|---|
| TOTAL ARREARAGE OWED TO UNION STREET | 278,545 |
| ARREARAGES PAID THROUGH CASH FLOW SWEEP | 118,663 |
| BALANCE REMAINING | 159,882 |

| MONTH 17 | MONTH 18 | MONTH 19 | MONTH 20 | MONTH 21 | MONTH 22 | MONTH 23 | MONTH 24 |
| Jun-11 | Jul-11 | Aug-11 | Sep-11 | Oct-11 | Nov-11 | Dec-11 | Jan-12 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| (55,372) | (55,372) | (55,372) | (55,373) | (55,373) | (55,373) | (55,373) | (55,374) |
| 44,020 | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 |
| 44,020 | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 | 44,020 |
| (11,351) | (11,352) | (11,352) | (11,352) | (11,352) | (11,353) | (11,353) | (11,353) |
| 155 | 155 | 155 | 155 | 155 | 155 | 155 | 155 |
| 6,095 | 6,095 | 6,095 | 6,095 | 6,095 | 6,095 | 6,095 | 6,095 |
| 2,379 | 2,379 | 2,379 | 2,379 | 2,379 | 2,379 | 2,379 | 2,379 |
| 155 | 155 | 155 | 155 | 155 | 155 | 155 | 155 |
| 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 | 1,321 |
| 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 |
| 690 | 690 | 690 | 690 | 690 | 690 | 690 | 690 |
| 10,869 | 10,869 | 10,869 | 10,869 | 10,869 | 10,869 | 10,869 | 10,869 |
| - | - | - | - | - | - | - | - |
| 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 | 17,595 |
| 9,724 | 9,724 | 9,724 | 9,724 | 9,724 | 9,724 | 9,724 | 9,724 |
| 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 |
| 33,152 | 33,152 | 33,152 | 33,152 | 33,152 | 33,152 | 33,152 | 33,152 |
| (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) |
| (55,372) | (55,372) | (55,373) | (55,373) | (55,373) | (55,373) | (55,374) | (55,374) |